**Norma RUBALLOS, Petitioner,**

v.

**John ASHCROFT, Attorney General, Respondent.**

No. 03–74084, A72 534 816.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 6, 2004.*

Decided Dec. 13, 2004.

Norma Ruballos, Newark, CA, pro se.

Regional Counsel, Laguna Niguel, CA, James E. Grimes, Esq., Washington, DC, for Respondent.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before: GOODWIN, ALARCÓN, and TROTT, Circuit Judges.

### MEMORANDUM **

Norma Ruballos, a native and citizen of Guatemala, petitions *pro se* for review of an order of the Board of Immigration Appeals ("BIA") denying her motions to reconsider and reopen the BIA's October 17, 2002 decision dismissing her appeal of the Immigration Judge's denial of her application for asylum and withholding of removal. To the extent that we have jurisdiction, it is conferred by 8 U.S.C. § 1252(a)(1). We review the BIA's denial of a motion to reconsider or reopen for abuse of discretion. *Cano–Merida v. I.N.S.*, 311 F.3d 960, 964 (9th Cir.2002). We deny the petition for review.

■ The BIA did not abuse its discretion in denying Ruballos's motion to reopen. Ruballos filed her motion to reopen on June 27, 2003, more than six months after the BIA issued its final order of removal on October 17, 2002. *See* 8 C.F.R. § 1003.2(c)(2) (a motion to reopen "must be filed no later than 90 days after the date on which the final administrative decision was rendered in the proceeding sought to be reopened"). No exceptions to the 90 day limitation apply in this case. *See* 8 C.F.R. § 1003.2(c)(3) (setting forth exceptions to 90 day limitation). Because Ruballos's motion to reopen was untimely, we do not reach the merits of her ineffective assistance of counsel claims. *See Iturribarria v. INS*, 321 F.3d 889, 895–96 (9th Cir.2003) (holding that ineffective assistance of counsel claim appropriately raised in motion to reopen).

■ We also conclude that the BIA did not abuse its discretion in denying Ruballos's motion for reconsideration as untimely. Ruballos's former attorney filed this motion on June 11, 2003, more than sixth months after the BIA's final order of removal. *See* 8 C.F.R. § 1003.2(b)(2) ("A motion to reconsider a decision must be filed with the Board within 30 days after the mailing of the Board decision …"). Moreover, Ruballos' motion for reconsideration did not specify any "errors of fact or law in the prior Board decision" that would warrant granting the motion. 8 C.F.R. § 1003.2(b)(1). Accordingly, the BIA did not abuse its discretion in denying the motion.

To the extent that Ruballos challenges the BIA's order dismissing her appeal from the IJ's original decision, her petition is dismissed for lack of jurisdiction because Ruballos failed to file a timely petition for review of that decision. *See* 8 U.S.C. § 1252(b)(1) (providing that petition for review must be filed not later than 30 days after the final order of removal); *Martinez–Serrano v. INS*, 94 F.3d 1256 (9th Cir.1996) (holding that the filing of a motion to reopen or a motion to reconsider does not toll the statutory period in which an alien may appeal a final deportation order).

### THE PETITION IS DENIED.

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.